Kirkpatrick, C. J.
— There are sundry reasons filed for the reversal of the judgment in this cause. I shall take notice only of the fourth, which is, that the justice illegally adjourned the cause.
It appears by the record,, that the summons was returnable on the.26,th of August, 1805 ; that the defendant did not appear at'the return day; that the plaintiff did appear, and requested an adjournment till the 7th of September then next, which was granted to him ; that the defendant did not appear ori the day of adjournment, but that the plaintiff did appear and requested a further adjournment, and it was granted to him till the 21st of the same month; that upon this .second adjournment,,the defendant did not appear, but that the justice proceeded to try the cause, and to render judgment for the plaintiff in his absence.
The first adjournment is for eleven days, and the second for-ten days, reckoning one day inclusive and the other exclusive, which is the common way of counting in these cases.
Jt has been decided heretofore by this Court, that a justice cannot adjourn for more than fifteen days in the whole, from the return of the summons, whether it be by one adjournment or many. This decision has been called into review, with some degree of eagerness at the bar, and therefore, it will be proper to reconsider the question.
The adjournment of causes, by the principles of the common law, is a matter of discretion in the Court. There is no rule in that law to compel courts to press [*] the trial of causes to the manifest perversion of right and justice. If, therefore, there be such a rule in these courts, it must be given by the express words of the statute. What are they?
“That any justice of the peace before whom a suit is instituted by virtue of this act, may, to prevent fraud or surprise, on either side, or on reasonable cause being assigned by, or on behalf of either party, adjourn the trial to any time not exceeding fifteen days from the return of the summons, or if the process be by warrant, from the time when the same-was returned, or from the time of appearance mentioned in the recognizance; except where the applicant for such adjournment shall make oath or affirmation that lie can *185 not safely go to trial for want of a material witness, whom he shall name, being absent and out of the State, and then such justice may postpone the trial to any time not exceeding three calendar months.”
Now, this is a case of summons. Let us leave out all that relates to a process by warrant, and take the operative words of the section, and see what it says. “Any justice may adjourn the trial to any time not exceeding fifteen days from the return of the summons, except where the applicant shall make oath,” &c. that a witness is out of the State. Not exceeding fifteen days, except, &c. The act does not say the first adjournment shall exceed fifteen days; it does not say that the adjournment made at the return of the summons, shall not exceed fifteen days; it does not say that any one adjournment shall not exceed fifteen days; it says the justice may adjourn to any time not exceeding fifteen days from the return of the summons; using tiie most general and unlimited mode of expression. If there could be any doubt upon the import of the term adjourn, it is explained in the subsequent clause of the section. There the word postpone, is used to signify precisely the same thing. The definition of this word, according to Johnson, is to put off, to delay, — It will [*] read, according to tiiis definition, the justice may put off, may delay the trial for any time not exceeding fifteen days. According to my apprehension, it would be difficult to express this prohibition in more clear and unequivocal terms. Indeed, the construction contended for, might be made totally to defeat the provision of the act.
It would put it in the power of a justice to make his first adjournment for half an hour or any shorter time; and after that, according to this notion, he might keep the cause hanging, if it it pleased him, for a twelve month. This was not the intention of the Legislature. They intended to provide tribunals which, in these small causes, should render speedy justice, justice without procrastination or delay; and fot this purpose they introduced this section. JS'ulli differemus justiciam ant rectum, is the leading principle of the great charter upon which our ancestors founded their liberty; it is the principle upon which their posterity must rest, as long as liberty is dear to them, in this case the trial has been adjourned, without any consent of the defendant, to a time more than fifteen days from the return of the summons. In my opinion, therefore, judgment must be reversed.
Rossell, J.
— Gave no opinion; as I understood him, he was some way related or connected with one of the parties.
Pennington, J.
— I concur in reversing this judgment, for the reasons given by the Chief Justice.
M’ll-oaine, for plaintiff.
The jurisdiction of the justices’ courts having been extended since this provision was made; perhaps a convenience would arise from extending this limitation a little; but this is for the consideration of the Legislature: — We must declare the law as we find it — Judgment reversed, (a)

 Vide ante. *59, *135; post. *266, *610. South.575. — By act of Nov. 19,1820, (Rev. Laws 796,) the Justice may adjourn the trial 30 days. —Ed.